SHANNON & SONS *v.* UNITED STATES (No. 2046).[1]

1. PARAGRAPH 72, TARIFF ACT OF 1913—TILES—RELATIVE SPECIFICITY.

   The two clauses of paragraph 72, tariff act of 1913, levying different rates of duty upon different kinds of tiles are complementary of, and not competitive with, each other. Therefore, in the application of the paragraph, the question of relative specificity does not arise.

2. TILES, "PLAIN UNGLAZED, ONE COLOR, EXCEEDING TWO SQUARE INCHES IN SIZE" AND ALSO "SEMIVITRIFIED"—PARAGRAPH 72, TARIFF ACT OF 1913.

   Tiles which meet the description of the first clause of paragraph 72, tariff act of 1913, providing that such as are "plain unglazed, one color, exceeding two square inches in size," shall bear duty at a lower rate; and that meet also the description of the second clause, providing that certain kinds of tiles shall bear duty at a higher rate, were properly assessed at the higher rate.

United States Court of Customs Appeals, February 17, 1921.

APPEAL from Board of United States General Appraisers, Abstract 43683.

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument Jan. 19, 1921, by Mr. Tompkins and Mr. Hanson.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The importation consists of paving tiles, imported at Cincinnati, Ohio. They were thereat classified for duty at the rate of 5 cents per

---

[1] T. D. 38635.

square foot as "vitrified" or "semivitrified" "tiles" under the provisions of paragraph 72 of the tariff act of 1913, which reads:

72. Tiles, plain, unglazed, one color, exceeding 2 square inches in size, 1½ cents per square foot; glazed, ornamented, hand-painted, enameled, vitrified, semivitrified, decorated, encaustic, ceramic, mosaic, flint, spar, embossed, gold decorated, grooved and corrugated, and all other earthenware tiles and tiling, except pill tiles and so-called quarried or quarry tiles, but including tiles wholly or in part of cement, 5 cents per square foot; * * *.

The importers, who are appellants here, made due protest, claiming them properly dutiable as "Tiles, plain unglazed, one color, exceeding 2 square inches in size," 1½ cents per square foot under the first provision of the same paragraph.

Concededly the articles are tiles, of one color, and exceeding 2 square inches in size. There were two samples produced before the board which are in evidence and were likewise produced for the examination of the court. The record shows that but one witness was adduced at the port of Cincinnati upon behalf of the importers. His testimony was confined to an identification of the samples as appropriate ones, and definitions upon his part of what constituted vitrified and unvitrified tiles. Upon transfer of the case for further hearing at the port of New York, upon suggestion of counsel for the importers, it was stipulated that three witnesses, who had testified in the case of United States v. Vandegrift & Co (7 Ct. Cust. Appls., 77; T. D. 36392), would, if produced by the Government, duly qualify as expert witnesses in this case and testify that the tiles represented by these particular samples were semivitrified tiles. Upon this record and tests made by the board it was found as a fact in the case that these importations were semivitrified. Upon this question of fact this court is unable to reverse the board. On the contrary, a careful weighing of the testimony in the record and test of the samples as to their absorption of water confirm the court in the conclusion reached by the board.

In United States v. Vandegrift & Co., supra, this court in reviewing the testimony of the witnesses, three of whom are stipulated as witnesses in this case, as aforesaid, reached the conclusion as follows:

We are therefore convinced from the record that the term "semivitrified," as applied to tiles, possessed a well-known meaning in the trade at the time of the enactment of the paragraph now in question, which meaning, after all, was simply the ordinary or dictionary definition of the word itself, and that the present importations aptly respond to that description and are therefore dutiable as assessed.

It would appear from the record, however, that this appeal is particularly pressed upon the court to secure an adjudication upon the question of law presented by counsel for the importers. It is contended that the first provision of paragraph 72 is more specific than the latter, and that by reason of this fact, the tiles equally

falling within the two, that the former should control for duty purposes. The court is unable to concur in this view. Obviously it was the intention of Congress by paragraph 72 to enact a progressive provision covering all grades, kinds, and descriptions of tiles, at least of those therein enumerated. Accordingly, we view it the intention of Congress in this paragraph that its provisions should not be construed as competitive, one against the other, but as complementary, the latter of the former. Wherefore the question of relative specificity does not arise in the case. It is the view of the court, therefore, that the decision of the Board of General Appraisers should be and is *affirmed.*