The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v*. W. X. HUBER Co. (No. 3503)[1]

[1] T. D. 45644.

United States Court of Customs and Patent Appeals, May 2, 1932

*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein* and *Thomas J. McKenna*, special attorneys, of counsel), for the United States.
No appearance for appellee.

[Oral argument April 14, 1932, by Mr. McKenna; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

Graham, Presiding Judge, delivered the opinion of the court:

Certain merchandise was imported by the appellee at the port of Los Angeles, which was classified by the collector as tiles, unglazed, not pill tiles nor so-called quarries or quarry tiles, under paragraph 202 of the Tariff Act of 1922. The importer protested, claiming the goods to be dutiable under paragraph 214 of said act, at either the 30 or 40 per centum rate therein specified. Other claims were made in the protest but were not insisted upon in the court below or here.

The United States Customs Court sustained the protest at the 30 per centum rate, and the Government has appealed.

The paragraphs involved, so far as they are material, are as follows:

PAR. 202. Tiles, unglazed, glazed, ornamented, hand painted, enameled, vitrified, semivitrified, decorated, encaustic, ceramic mosaic, flint, spar, embossed, gold decorated, grooved or corrugated, and all other earthenware tiles and tiling by whatever name known, except pill tiles and so-called quarries or quarry tiles, red or brown, and measuring seven-eighths of an inch or over in thickness, but including tiles wholly or in part of cement, valued at not more than 40 cents per square foot, 8 cents per square foot, but not less than 45 nor more than 60 per centum ad valorem; * * *.

PAR. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem; if decorated, 40 per centum ad valorem.

A sample of the merchandise was before the court below and is before us. It is 4 inches square and three-eighths inch thick, is light tan in color, and has impressed on one side what is apparently a trade-mark or device, two shallow circular holes and the word "England" and the words "Medmenham Tiles," each inclosed in cartouches. This sample, when struck, gives a metallic ring and is quite hard, apparently about equalling in tensile and crushing strength the ordinary unglazed drain tile or hollow tile used in constructing buildings.

Two witnesses were called by the protestant in the court below, but no material evidence was adduced from one of these. The other witness, George White Dick, manufactures tile in England and testified

that the imported articles were made in his factory. He stated quite definitely that the imported articles are not tiles; that they are made from a ground mixture of clays, and then dampened and pressed into shape in a power press. They are then subjected to a "very, very light fire" and are imported in this condition. This witness stated repeatedly that the resulting product "constitutes the basis of the tile," and can not be used "for any wall, floor, or any part of a building."

A careful scrutiny of the testimony of this witness discloses that he based his conclusion upon the premise that the article in question could not be a tile unless it had been glazed, and then refired to fix the glaze. For instance, he said—

* * * That is to say, we could make those into tiles by having them receive a glaze and a second firing, which then makes it a tile. * * *

Q. Do you consider Exhibit 1 a tile?—A. No, sir.

Q. What must be done to Exhibit 1 to make it a tile?—A. It must be fired again at a higher temperature plus a glaze, a color which makes it into a tile. * * *

Q. If this were glazed—Exhibit 1 were glazed—that would make it a tile?—A. Fired and glazed.

X Q. How do you glaze?—A. How do we glaze?

X Q. Yes.—A. We dip the glaze onto the tile.

X Q. Don't you have to fire it in order to glaze it?—A. We glaze it first and then fire it to anneal the glaze.

X Q. You couldn't glaze it without firing?—A. We couldn't make it into a tile without firing it.

It is quite obvious from the testimony of this witness that he is of opinion that this article could not be an unglazed tile. However, paragraph 202, under which this merchandise was classified, expressly provides for unglazed tiles, and the premise upon which the witness based his conclusion is in direct conflict with the express letter of the statute. If it were necessary to glaze a tile before it became a tile, then the use of the words "tiles, unglazed," as they appear in said paragraph 202, is without meaning.

Webster's New International Dictionary, 1932, thus defines the word "tile":

1. A plate, or thin piece, of baked clay, stone, or the like, of a kind used for covering the roofs of buildings, for floors, for drains, and often for ornamental work.

The fact, if it be a fact, that these articles must be glazed and fired before they are usable, does not prevent the conclusion that they are tiles, unglazed. Evidently the Congress had such alleged unfinished tiles in mind when this paragraph was enacted. In *Shannon & Sons* v. *United States*, 11 Ct. Cust. Appls. 13, T. D. 38635, we had under consideration paragraph 72 of the Tariff Act of October 3, 1913. We there expressed the opinion that the cited paragraph was intended to progressively cover all grades, kinds, and

descriptions of tiles. Paragraph 202 now before us is almost identical in its enumeration of tiles with said paragraph 72, and has added thereto the further provision, "by whatever name known." We can not escape the conviction that said paragraph 202 was intended to, and does, include unglazed tiles of the character here imported.

The judgment of the United States Customs Court is *reversed*.